564 So.2d 1224 (1990)
In the Interest of D.D., a Child.
No. 89-1942.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant-D.D.
*1225 Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee-State of Fla.
PER CURIAM.
This is an appeal from an order of commitment to the Department of Health and Rehabilitative Services. We reverse and remand with direction to proceed in accordance herewith.
Appellant, under eighteen, and charged with grand theft, resisting arrest without violence, and petit theft, pled guilty to the charges. Subsequently, the state filed a petition for serious habitual juvenile offender placement to which appellant objected, contesting the constitutionality of the serious juvenile habitual offender statute because its criteria were based merely on arrests. Finding that appellant met the criteria of section 39.01(46), Florida Statutes (Supp. 1988), the trial court committed him under the terms of the program. This appeal followed.
The dispositive question is whether sections 39.09(5) and 39.01(46), Florida Statutes (Supp. 1988), violate substantive due process as found in the fifth and fourteenth amendments to the United States Constitution and Article I, section 9 of the Florida Constitution. We conclude that they do.
The criteria contained in section 39.01(46) include the juvenile's prior arrest record. In State v. Potts, 526 So.2d 63 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988), the supreme court said:
The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime, as it has attempted to do here. We therefore approve and adopt the district court's opinion in its entirety as our own. Section 790.07(2), Florida Statutes (1985), is facially unconstitutional to the extent it purports to penalize a person who is under indictment with greater severity than one who is accused of no crime.
(Emphasis added.)
We agree with appellant that Potts applies to the statutes in question. We take note of a similar proscription against consideration of arrests in sentencing guidelines.
Finally, appellant raises reasoned attacks on the statute as violative of procedural due process and as cruel and inhuman punishment; however, we need not address them in light of the foregoing result.
GLICKSTEIN and DELL, JJ., concur.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I am unable to disagree with the result reached by the majority, but I am apprehensive that what we do here may not be in the best interests of the juvenile defendant. Chapter 39, Florida Statutes (1989) provides methods for dealing with juveniles, supposedly for their "moral, emotional, mental and physical welfare... ." and is intended to shield them from being catapulted into the adult criminal justice system. Section 39.01(46) in particular, seeks to identify serious habitual juvenile offenders in order to provide for their appropriate handling as a juvenile. Its purpose does not appear to be for punitive retribution. As such, I wonder if Potts should apply, though I am unable to say that it does not.